# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-877


**STATE OF LOUISIANA**

**VERSUS**

**DONOVAN PAUL SAMPY, ET AL.**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20183186
HONORABLE JULES DAVIS EDWARDS, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**D. KENT SAVOIE**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and D. Kent Savoie, Judges.


**REVERSED.**

**Hon. Paul Joseph deMahy**
**Thompson Law Office**
**2901 Johnston Street, Suite 301**
**Lafayette, Louisiana 70503**
**(337) 534-8761**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **American Surety Company**

**Emilia Salas Pardo**
**Assistant District Attorney**
**Fifteenth Judicial District Court**
**Post Office Box 3306**
**Lafayette, Louisiana 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **State of Louisiana**

**Donovan Paul Sampy**
**In Proper Person**
**102 Townhome Loop**
**Lafayette, Louisiana 70501**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **Donovan Paul Sampy**

**SAVOIE, Judge.**

In this bond forfeiture case, American Surety Company (American) appeals the judgment of the trial court, finding American, as surety, liable for the full amount of the bond for criminal defendant Donovan Paul Sampy. For the following reasons, we reverse.

### FACTS AND PROCEDURAL HISTORY

On February 2, 2017, American, a commercial surety company, issued a criminal bail bond for the release of Sampy in the amount of THIRTY THOUSAND DOLLARS ($30,000.00). An arrest warrant was issued for Sampy after he failed to appear before the court on October 16, 2017. Notice of the warrant for arrest was mailed on October 17, 2017. On May 14, 2018, the State filed a Petition for Rule to Show Cause why a bond forfeiture judgment should not be rendered because one hundred and eighty days had passed since the mailing of the notice of warrant for arrest and Sampy had not made an appearance. Attached to the petition was a bond undertaking in the amount of THIRTY THOUSAND DOLLARS ($30,000.00) dated February 2, 2017, naming as principal Donovan Paul Sampy and naming as surety Accredited Surety and Casualty Co. Also attached to the petition was the notice of arrest and a power of attorney executed by Act Right Bonds on behalf of American and signed by Defendant Sampy.

On August 28, 2018, Sampy made an appearance and accepted service for his pre-trial setting on November 8, 2018. This appearance was made outside the one hundred and eighty (180) days he was mandated to appear from the mailing of the notice of the warrant for arrest. The petition for bond forfeiture was placed on the August 30, 2018 criminal docket and was taken up on August 31, 2018.

After a hearing, the trial court rendered judgment in favor of the State and against Sampy, as principal, and American, as surety, for the full amount of the bond. American now appeals.

## ASSIGNMENTS OF ERROR

1. The trial court erred when it rendered a judgment against American, whose name does not appear on the bail undertaking.

2. The trial court erred when it rendered a judgment against Donovan Sampy, who was not notified of the hearing date for the State's Petition to Forfeit Bond.

3. The trial court erred when it rendered a judgment against Donovan Sampy, who was in the custody of the Lafayette Parish Sheriff at the time of the hearing on the State's Petition to Forfeit Bond and not brought to Court for the hearing.

4. The trial court erred when it rendered a judgment against American Surety Company, as surety for Donovan Sampy, when Donovan Sampy was not notified of the hearing and was not brought to court for the hearing.

## LAW AND DISCUSSION

*I. Standard of Review*

"When an issue raised on appeal posits a question of law, the standard of review is de novo wherein the appellate court determines { "pageset": "S5a" whether the lower court was legally correct." *State v. Peraza*, 17-139, p. 3 (La.App. 3 Cir. 10/4/17), 227 So.3d 860, 861-62 (citing *Tran v. Williams*, 10-1030 (La.App. 3 Cir. 2/9/11), 56 So.3d 12240.

2

## II.     *Assignment of Error Number One*

American first complains that, because a different name was listed on the bond undertaking, it cannot be liable for the amount of the bond.  The proof needed at a bond forfeiture hearing is listed in La.Code Crim.P. art. 336, which states:

> A.  The court at a contradictory hearing shall forfeit the bail undertaking and sign a judgment of bond forfeiture upon proof of all of the following:
>
> (1) The bail undertaking.
>
> (2) The power of attorney, if any.
>
> (3) Notice to the defendant and the surety as required by Article 334.
>
> (4) Proof that more than one hundred eighty days have elapsed since the notice of warrant for arrest was sent.

"When a party posts an appearance bond for release of a defendant pending criminal proceedings, a suretyship agreement with the state is created. This agreement creates a civil contract based on an act under private signature, breach of which will lead to a money judgment against the { "pageset": "Sa6 surety." *State, City of Bossier v. Miller*, 40,492, pp. 6-7 (La.App. 2 Cir. 1/25/06), 920 So.2d 408, 412. Louisiana Code of Civil Procedure Article 3038 states that suretyship "must be express and in writing."

The suretyship agreement in this case, *i.e.* the bond undertaking, is express and in writing, and it clearly lists Accredited Surety and Casualty Co. as the surety for Sampy.  However, the Power of Attorney attached to the petition is executed by Act Right Bonds on behalf of American.  American argues that this court may not look outside the four corners of the contract because it has not been destroyed, lost or stolen.  Louisiana Civil Code Article 1832 provides that "[w]hen the law requires

3

a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." The bail undertaking in this case must be in writing. *See* La.Code Crim.P. art. 328 and La.Code Civ.P. art. 3038. As such, we need not look beyond the bond undertaking. We agree.

Louisiana Civil Code Article 2056 states: "In case of doubt that cannot be otherwise resolved, a provision in a contract must be interpreted against the party who furnished its text. A contract executed in a standard form of one party must be interpreted, in case of doubt, in favor of the other party." American contends that the bond undertaking is a standard form contract prepared by the State and should, therefore, be construed against the State.

The State argues that, in accordance with La.Code. Crim.P. art. 328, the bail undertaking is not defective. Louisiana Code of Criminal Procedure Article 328 provides:

A. The bail undertaking shall:

(1) Be in writing.

(2) State the court before which the defendant is bound to appear.

(3) Be entered into before an officer who is authorized to take it.

(4) State a single amount of bail for each charge.

B. The bail undertaking shall be enforceable if the above requirements are met; and no officer may refuse to accept the posting of a bail undertaking and releasing a defendant on bail if the conditions set by this Title are met. A person shall not be discharged from his bail undertaking, nor shall a judgment of forfeiture be stayed, set aside, or reversed, nor the collection of any such judgment be barred or defeated by reason of any defect of form, omission of a recital, or of a condition of the undertaking, by reason of a failure to note or record the default of any defendant or surety, or because of any other irregularity. The bail undertaking shall run, subject to the provisions of Article 626, in favor of the state of Louisiana, or the city or parish whose ordinance is

4

charged to have been violated, with the proceeds to be disposed of according to law. No error, inaccuracy, or omission in naming the obligee on the bail undertaking is a defense to an action thereon.

The State contends that the requirements of the bail undertaking have been met and it is, therefore, enforceable. In its brief in opposition, the State argues that "[t]here is no requirement within [La.Code Crim.P.] art. 328 that the surety be listed on the bail undertaking." However, we have already determined that the bond undertaking is a civil contract which must be in writing. "A contract is formed by the consent of the parties established through offer and acceptance." La.Civ.Code art. 1927. Without the proper parties listed in the contract, consent of the parties has not been established. As a result, the contract is not enforceable against a party not listed. *See* La.Civ.Code art. 2029. The State further contends that listing a different surety company is merely a defect or irregularity. We disagree. Party consent is a fundamental requirement of any contract, which could never be described as a mere defect.

The State also argues that "[a] judgment of bond forfeiture shall not be set aside because of the invalidity of the information required by the provision of this Article." La.Code Crim.P. art. 336(C). We find that provision applicable to a motion to set aside a final judgment, not the appeal of a trial court's judgment which is not yet final.

Ultimately, at issue before this court is a contract between the State of Louisiana and Accredited Surety and Casualty Co. Accredited Surety and Casualty Co. is not the named surety in the present bond forfeiture petition. Rather, the named surety company is American Surety Company. Under basic and fundamental principles of contract law, we cannot hold American Surety Company liable for this

5

bond undertaking.  We find merit in this assignment of error and reverse the ruling of the trial court.

### III.     *Assignments of Error Numbers Two through Four*

Based on the foregoing, we find that the arguments set forth by American in assignments of error numbers two through four are moot.

## CONCLUSION

The judgment of the trial court is reversed.

**REVERSED.**